Susan Qin, Esq. (SBN:350720)
Law Office of Susan Qin, PC
17870 Castleton St. Suite 100
City of Industry, CA 91748
Tel: 626.486.9222
Email: susan@susanqinlaw.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAN KHANH NGUYEN, A# 226-125-046<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and ACTING WARDEN OF THE ADELANTO ICE PROCESSING CENTER,<br><br>*Respondents.* | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** |

## INTRODUCTION

1. Petitioner NGUYEN, Khanh Van, A# 226-125-046, is in the physical custody of Respondents at the Adelanto ICE Processing Center. Through this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Petitioner challenges the legality of his continued immigration detention. Respondents continue to deprive Petitioner of his liberty in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.

2. Petitioner is a citizen of Vietnam who entered the United States near Otay Mesa, California, on or about August 12, 2024. The Department of Homeland Security ("DHS") subsequently initiated removal proceedings and charged Petitioner under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. Following an asylum officer's determination that Petitioner established a credible fear of persecution or torture, DHS vacated the expedited removal order previously issued under INA § 235(b)(1) and placed Petitioner in removal proceedings before an Immigration Judge.

3. On December 11, 2025, an Immigration Judge ordered Petitioner removed. Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA"). EOIR records reflect that the BIA received Petitioner's appeal on December 29, 2025. The appeal remains pending and has not yet been adjudicated.

4. While his administrative appeal remained pending, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") on or about July 21, 2026, and placed in immigration detention. Petitioner is currently confined at the Adelanto ICE Processing Center.

5. Petitioner disputes Respondents' authority to continue his detention under the circumstances presented here. Petitioner contends that his continued detention is inconsistent with the statutory framework enacted by Congress and exceeds the detention authority provided under the INA.

6. Most importantly, Petitioner remains actively engaged in ongoing immigration proceedings through his pending appeal before the BIA. Because the BIA has not yet resolved that appeal, Petitioner's immigration case remains under active administrative review.

7. Petitioner has no criminal history. Prior to his arrest by ICE, Petitioner resided in the community following his release from border custody and pursued his immigration proceedings through lawful administrative channels.

8. Petitioner disputes Respondents' asserted basis for continued detention. Petitioner entered the United States on or about August 12, 2024, was subsequently released from custody, and thereafter resided within the United States for an extended period before ICE arrested him in the interior of the country while his appeal before the BIA remained pending. Under these circumstances, Petitioner contends that his continued detention is inconsistent with the INA and the Due Process Clause of the Fifth Amendment.

9. Independently and on separate grounds, Petitioner's continued civil detention violates the Due Process Clause of the Fifth Amendment. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. Nevertheless, Respondents continue to detain Petitioner while his appeal before the BIA remains pending and without lawful statutory or constitutional authority to do so.

10. Under these circumstances, Respondents are unlawfully depriving Petitioner of his liberty in violation of the INA and the Due Process Clause of the Fifth Amendment. Habeas corpus exists to remedy unlawful executive detention. Because Petitioner's continued confinement is unlawful, immediate release is the only relief capable of fully remedying the ongoing deprivation of liberty. Accordingly, Petitioner respectfully requests that this Court issue a writ of habeas corpus directing Respondents to immediately release Petitioner from custody.

**JURISDICTION**

11. Petitioner is in the physical custody of Respondents and presently detained at the Adelanto ICE Processing Center in Adelanto, California.

12. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in custody under the authority of the United States and challenges the legality of that custody under the Constitution and laws of the United States.

13. Although 8 U.S.C. § 1226(e) limits judicial review of discretionary custody determinations, it does not preclude review of constitutional claims or questions of law. See *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

14. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

15. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the All Writs Act, 28 U.S.C. § 1651, and its inherent equitable authority to remedy unlawful restraints on liberty.

16. Petitioner challenges the legality and constitutionality of his continued immigration detention and seeks habeas relief in the form of immediate release from custody.

17. Petitioner does not seek review of the underlying removal order in this proceeding. Rather, Petitioner challenges only the legality of his present detention and the statutory and constitutional authority asserted by Respondents to continue that detention.

**VENUE**

18. Venue is proper in this Court because Petitioner is detained within the Central District of California and his immediate custodian is located within this District.

19. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in California.

20. Venue is proper pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004), and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973), because Petitioner is presently confined within this judicial district and seeks relief from the federal officials exercising custody over him.

21. Venue is also proper pursuant to 28 U.S.C. § 1391(e) because Respondents are officers and employees of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the Central District of California.

**REQUIREMENTS OF 28 U.S.C. § 2243**

22. Pursuant to 28 U.S.C. § 2243, this Court must either grant the writ of habeas corpus or issue an order directing Respondents to show cause why the writ should not be granted unless it appears from the application that Petitioner is not entitled to relief.

23. Section 2243 further provides that if an order to show cause is issued, Respondents must file a return "*within three days unless for good cause additional time, not exceeding twenty days, is allowed.*" 28 U.S.C. § 2243.

24. Habeas corpus is "*perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement.*" *Fay v. Noia*, 372 U.S. 391, 400 (1963).

25. The Ninth Circuit has likewise emphasized the urgent nature of habeas proceedings, observing that "[t]*he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application.*" *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000). (citation omitted).

26. Expedited consideration is warranted because Petitioner remains subject to ongoing physical confinement that he alleges is unlawful and unconstitutional. Each additional day of detention results in a continuing deprivation of liberty and inflicts irreparable harm. Prompt consideration is particularly appropriate where, as here, Petitioner remains engaged in ongoing administrative review before the BIA, continues to pursue relief authorized by Congress, challenges Respondents' authority to continue detaining him, and seeks immediate release from custody through the Great Writ of Habeas Corpus.

**PARTIES**

27. Petitioner NGUYEN, Khanh Van, A# 226-125-046, is a citizen of Vietnam currently detained at the Adelanto ICE Processing Center. Petitioner entered the United States on or about August 12, 2024. An appeal from the Immigration Judge's December 11, 2025 removal order remains pending before the Board of Immigration Appeals.

28. Respondent Ernesto Santacruz is the Field Office Director for Enforcement and Removal Operations ("ERO"), Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"). In that capacity, he exercises legal authority over Petitioner's detention and is responsible for implementing and overseeing detention decisions affecting Petitioner. He is sued in his official capacity.

29. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement. As Acting Director, he oversees ICE's detention and removal operations nationwide and is responsible for the policies and practices under which Petitioner is detained. He is sued in his official capacity.

30. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"). As Secretary, he is responsible for the administration and enforcement of the Immigration and Nationality Act and exercises supervisory authority over ICE and other DHS components involved in Petitioner's detention. He is sued in his official capacity.

31. Respondent Todd Blanche is the Attorney General of the United States. As Acting Attorney General, he oversees the Executive Office for Immigration Review ("EOIR"), including the Immigration Courts responsible for adjudicating Petitioner's removal proceedings. He is sued in his official capacity.

32. Respondent Acting Warden of the Adelanto ICE Processing Center is Petitioner's immediate physical custodian and is responsible for Petitioner's day-to-day confinement. The Acting Warden has custody over Petitioner and is sued in his official capacity.

## LEGAL FRAMEWORK

33. Federal district courts possess habeas corpus jurisdiction to review the legality of immigration detention and to remedy violations of the Constitution and laws of the United States.

34. Although Congress has limited judicial review of certain immigration decisions, federal courts retain jurisdiction to review constitutional claims and questions of law arising from immigration detention. See *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

35. Federal courts exercising habeas jurisdiction may determine whether detention is authorized by statute, whether the Government has applied the correct legal framework, and whether continued detention complies with the requirements of the Due Process Clause.

36. The Immigration and Nationality Act ("INA") establishes multiple detention provisions governing different categories of noncitizens and different stages of immigration proceedings. See 8 U.S.C. §§ 1225, 1226, and 1231. These provisions serve distinct functions and apply at different procedural stages of the immigration process. The legality of a noncitizen's detention depends upon the statutory framework governing the stage of proceedings in which detention occurs.

37. Congress has authorized immigration detention only in specific circumstances and subject to statutory and constitutional limitations. The Executive Branch may not deprive an individual of liberty absent lawful authority.

38. The Due Process Clause applies to all persons physically present within the United States, including noncitizens. As the Supreme Court has explained, "*once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all*

*'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.*" *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

39. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. The Supreme Court has recognized that "[f]*reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that* [the Due Process] *Clause protects.*" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

40. Immigration detention is civil rather than criminal in nature. Because immigration detention is not punishment, it may be justified only insofar as it reasonably advances a legitimate governmental objective.

41. The Government's authority to detain noncitizens is subject to constitutional limitations. Continued detention must bear a reasonable relationship to the purposes asserted to justify that detention and may not become excessive, arbitrary, or punitive. Where detention no longer serves a lawful civil purpose, continued confinement violates due process.

42. Habeas corpus has long served as the traditional mechanism for challenging unlawful executive detention. Through 28 U.S.C. § 2241, Congress has authorized federal courts to review whether a person's continued detention is authorized by law and consistent with the Constitution.

43. Federal courts possess authority to determine whether immigration officials have applied the proper statutory detention framework and whether continued detention comports with the requirements of due process.

44. The writ of habeas corpus exists to provide a prompt and effective judicial remedy against unlawful executive detention. Federal courts possess broad authority under 28 U.S.C. §§ 2241 and 2243 to remedy unconstitutional restraints on liberty.

45. Because Petitioner remains confined while challenging the legality of that detention, habeas corpus provides an appropriate and necessary vehicle for judicial review and relief.

## FACTUAL BACKGROUND

### A. PETITIONER'S ENTRY INTO THE UNITED STATES AND IMMIGRATION HISTORY

46. Petitioner NGUYEN, Khanh Van, A# 226-125-046, is a native and citizen of Vietnam.

47. Petitioner entered the United States near Otay Mesa, California, on or about August 12, 2024.

48. Following his entry, DHS detained Petitioner and initiated expedited removal proceedings.

49. An asylum officer subsequently determined that Petitioner established a credible fear of persecution or torture.

50. Following that determination, DHS vacated the expedited removal order previously issued under INA § 235(b)(1) and placed Petitioner in removal proceedings before an Immigration Judge.

51. DHS thereafter charged Petitioner under INA § 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled.

52. Petitioner was subsequently released from custody and remained in the community while his removal proceedings were pending.

**B. IMMIGRATION COURT PROCEEDINGS**

53. Petitioner appeared before the Immigration Court in removal proceedings under Section 240 of the Immigration and Nationality Act.

54. On December 11, 2025, an Immigration Judge ordered Petitioner removed from the United States.

55. Petitioner timely appealed that decision to the BIA.

56. Petitioner's appeal remains pending.

57. Petitioner continues to pursue all available relief and remedies authorized under the Immigration and Nationality Act.

**C. ARREST BY ICE AND CURRENT DETENTION**

58. On or about July 21, 2026, while his appeal remained pending before the BIA, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers in Orange County, California.

59. Petitioner had been residing in the community following his release from custody and prior to his arrest by ICE.

60. According to Petitioner, after leaving Home Depot and walking toward his vehicle, he was approached by ICE officers, forced to the ground, handcuffed, and taken into custody.

61. Following his arrest, Petitioner was transferred to immigration detention.

62. Petitioner is currently detained at the Adelanto ICE Processing Center.

**D. PETITIONER'S LACK OF CRIMINAL HISTORY**

63. Petitioner has no criminal history.

64. Petitioner has never been convicted of any criminal offense.

65. Petitioner was not taken into ICE custody because of any criminal conviction.

**E. ONGOING DETENTION**

66. Petitioner remains detained at the Adelanto ICE Processing Center while his appeal before the Board of Immigration Appeals remains pending.

67. Petitioner's detention imposes a substantial restraint on his liberty.

68. Each additional day of confinement results in a continuing deprivation of liberty.

69. Petitioner seeks habeas relief because he contends that Respondents' continued detention of him violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

**CLAIMS FOR RELIEF**
**COUNT I**
**Violation of the INA**

70. Petitioner incorporates by reference all preceding paragraphs.

71. Following a credible fear determination, DHS vacated Petitioner's expedited removal order and placed him in removal proceedings before an Immigration Judge pursuant to INA § 240.

72. Petitioner timely appealed the Immigration Judge's December 11, 2025 removal order to the BIA, and that appeal remains pending.

73. While his appeal remained under administrative review, ICE arrested Petitioner and placed him in immigration detention.

74. Petitioner disputes Respondents' authority to continue detaining him under the circumstances presented here.

75. Petitioner was not apprehended while seeking admission at a port of entry, nor was he undergoing a border inspection process at the time of his arrest. Rather, he had been residing within the United States while pursuing available administrative remedies.

76. Petitioner entered the United States on August 12, 2024, was released from custody, remained physically present within the United States, and was later arrested in the interior of the country while pursuing available administrative remedies. Under these circumstances, Petitioner disputes Respondents' reliance upon any detention framework applicable to individuals seeking admission at the Nation's borders.

77. Respondents' continued detention of Petitioner while his appeal before the BIA remains pending is inconsistent with the detention framework established by Congress and exceeds the authority conferred by the INA.

78. As a result of Respondents' actions, Petitioner continues to suffer an ongoing deprivation of liberty.

79. Petitioner is entitled to relief under 28 U.S.C. § 2241 and immediate release from immigration detention.

**COUNT II**
**Violation of the Due Process Clause of the Fifth Amendment**

80. Petitioner incorporates by reference all preceding paragraphs.

81. The Fifth Amendment prohibits the federal government from depriving any person of liberty without due process of law.

82. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause.

83. Petitioner remains confined at the Adelanto ICE Processing Center while his appeal before the BIA remains pending.

84. Petitioner has no criminal history.

85. Nevertheless, Respondents continue to deprive Petitioner of his liberty without adequate statutory or constitutional justification.

86. Under the circumstances presented here, Petitioner's continued confinement is excessive and arbitrary and bears no reasonable relationship to any legitimate purpose of civil immigration detention.

87. Each additional day of detention inflicts continuing and irreparable injury.

88. Respondents' actions violate the Due Process Clause of the Fifth Amendment.

89. Petitioner is entitled to relief under 28 U.S.C. § 2241 and immediate release from custody.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue a writ of habeas corpus ordering Petitioner's immediate release from ICE custody under appropriate conditions of supervision;

c. Order Respondents to immediately release Petitioner from immigration custody;

d. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted

DATED: August 27, 2026

Susan Qin Esq.
*Law Office of Susan Qin, PC*
Attorney for Petitioner

**VERIFICATION BY SOMEONE ACTING ON THE PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am Petitioner's attorney. I have discussed with Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: August 27, 2026

Susan Qin Esq.
*Attorney for Petitioner*