**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

VAN KHANH NGUYEN,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

Case No. 5:26-cv-04946-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

Petitioner Van Khanh Nguyen filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on August 14, 2026. (Dkt. 1.) For the reasons that follow, the Petition is granted.

## II. FACUTAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Vietnam, who entered the United States near Otay Mesa, California, on or about August 12, 2024. (Dkt. 1 at 10.) Following Petitioner's entry, the Department of Homeland Security ("DHS") detained Petitioner and initiated expedited removal proceedings. (*Id.*) DHS then released Petitioner, and Petitioner resided in the community until his arrest nearly two years later. (*Id*. at 3.)

Petitioner contends that following an Asylum Officer's determination that Petitioner established a credible fear of persecution or torture, DHS vacated Petitioner's

expedited removal order and placed Petitioner in removal proceedings before an Immigration Judge. (Dkt. 1 at 2.) On December 11, 2025, an Immigration Judge ordered Petitioner removed. (*Id.*) Petitioner timely appealed that decision to the Board of Immigration Appeals. (*Id.*) Petitioner claims that the Executive Office for Immigration Review's records reflect that the BIA received Petitioner's appeal on December 29, 2025. (*Id.*) The appeal remains pending. (*Id.*)

On or about July 21, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner. (Dkt. 1 at 2.) Since his arrest, Petitioner has been in immigration detention. (*Id.*) Petitioner is currently confined at the Adelanto ICE Processing Center. (*Id.*) Petitioner claims he has no criminal history. (*Id.* at 3.)

On August 27, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings two claims for relief. (*Id.* at 12-14.) Claim One alleges that Petitioner's detention is in violation of the Immigration and Nationality Act. (*Id.* at 12-13.) Count Two alleges Petitioner's detention is in violation of the Due Process Clause of the Fifth Amendment. (*Id.* at 13-14.) As relief, Petitioner requests, among other things, his immediate release from detention. (*Id.* at 14.)

On September 8, 2026, the Court issued a text only entry. (Dkt. 9.) The Court noted that Respondents had not filed an answer. (*Id.*) The Court gave Respondents until 4:00 p.m. on the following day to email the Court and notify the Court of their intent to file an answer. (*Id.*) If Respondents elected not to email chambers, the Court warned Respondents that the Court would assume Respondents did not intend to file an answer and the Court would proceed with issuing an order. (*Id.*) Two days later, the Court issued another text only entry requesting that Respondents file Petitioner's Form I-213 no later than 24 hours from the entry of the order at which time the matter would be deemed submitted. (Dkt. 10.) On September 11, 2026, Respondents filed Petitioner's Form I-213. (Dkt. 11.) Some of the information in the I-213 is less than clear. (Dkt. 11-1.) It appears that on July 21, 2026, ICE went to Petitioner's residence and conducted surveillance. (*Id.* at 2.) ICE then followed Petitioner to a Home Depot. (*Id.*) ICE

contends ICE approached Petitioner and Petitioner attempted to run. (*Id.*) ICE claims Petitioner fell and ICE officers had to pick up Petitioner to detain him. (*Id.*) The I-213 further states that on August 12, 2024, United States Border Patrol ("USBP") encountered and arrested Petitioner near Otay Mesa, California, as Petitioner attempted to enter the United States without being admitted or inspected by an immigration officer. (*Id.* at 3.) USBP then served Petitioner with a Notice to Appear. (*Id.*) On May 29, 2025, Petitioner filed Form I-589, Application for Asylum and Withholding of Removal. (*Id.*) On December 11, 2025, Petitioner was ordered removed *in absentia* by an Immigration Judge. (*Id.*) On December 29, 2025, Petitioner filed an appeal with the Board of Immigration Appeals. (*Id.*) The appeal remains pending. (*Id.*) The I-213 also notes that Petitioner has no criminal history. (*Id.*)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

///

///

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 14.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California plainly states, "The Court may decline to

consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents' failure to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to Petitioner's re-detention.

**V.**

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Van Khanh Nguyen (A# 226-125-046) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 13, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge